45D04-1903-CT-000350  
Lake Superior Court, Civil Division 4

Filed: 3/26/2019 10:07 AM  
Clerk  
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT COURT |
| | )SS: | |
| COUNTY OF LAKE | ) | CAUSE NO: |

MARIA DE LOURDES ALLEN, ) 
EDUARDO ALLEN, and ) ***TRIAL BY JURY DEMANDED***
EDUARDO ALLEN, JR. )

    Plaintiffs, )

vs. )

WILLIAM ALLEN and )
ELGIN MOTOR FREIGHT INC. )

    Defendants. )

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

Plaintiffs, MARIA DE LOURDES ALLEN, EDUARDO ALLEN, and EDUARDO ALLEN, JR., (hereinafter referred to collectively as Plaintiffs) by and through their attorneys, KELLER & KELLER, and for their Complaint against the Defendants, state as follows:

### PARTIES

1. At all relevant times, Plaintiffs were residents of St. Joseph County, Indiana.

2. At all relevant times, Defendant, WILLIAM ALLEN, hereinafter referred to as Defendant ALLEN, was a resident of the London, Ontario, in the country of Canada.

3. At all relevant times, Defendant, ELGIN MOTOR FREIGHT INC., hereinafter referred to as Defendant ELGIN MOTOR FREIGHT, was a Canadian transportation company doing business in Lake County, Indiana.

### GENERAL ALLEGATIONS

4. At approximately 9:45 a.m. on May 19, 2018, Defendant ALLEN was operating a 2016 Freightliner tractor-trailer, in the course of his employment with Defendant ELGIN



MOTOR FREIGHT, traveling westbound on I-80 W in or near Hammond, Lake County, Indiana.

5. At that time and place, Plaintiffs were traveling westbound on I-80 W in the far right lane, near Hammond, Lake County, Indiana.

6. At that time and place, Defendant ALLEN did suddenly leave his lane of travel and enter the lane occupied by Plaintiffs, causing a collision between the two vehicles.

7. As a result of the collision, Plaintiffs suffered severe personal injuries.

## COUNT I-Negligence of Defendant Allen

8. Plaintiffs incorporate by reference paragraphs 1-7 of this Complaint.

9. At all relevant times, Defendant ALLEN was a professional truck driver subject to the Federal Motor Carrier Safety Regulations and owed Plaintiffs, and others traveling on the roadway, a duty to use reasonable care in the inspection, maintenance, repair, and operation the semi tractor he was operating.

10. Defendant ALLEN violated certain duties imposed by statute and common law and his negligent acts and/or omissions caused Plaintiffs to suffer personal injuries.

11. More specifically, Defendant ALLEN was negligent in the following particulars:

    a. Driving his vehicle carelessly with disregard for the safety and rights of others;

    b. Failing to drive his vehicle on the roadway with due diligence and circumspection so as not to endanger or be likely to endanger other persons or property;

    c. Failing to stop his vehicle when he knew or should have known that failure to do so would naturally and probably result in injury to Plaintiffs;

    d. Making unsafe and improper lane movements;

    e. Failing to make proper use of the clearly marked lanes on the divided highway and failing to use proper procedures for overtaking and passing;

    f. Failing to adjust his speed for the conditions;

 g. Failing to drive his vehicle on the highway at a speed that was reasonable and prudent under the conditions.

 h. Failing to maintain a proper lookout;

 i. Failing to properly manage the space around his vehicle;

 j. Failing to discontinue operation or adjust his driving to the weather conditions;

 k. Failing to use his brakes in a safe and proper manner;

 l. Failing to warn Plaintiff;

 m. Operating his vehicle in an otherwise reckless, careless, and negligent manner.

12. As a proximate result of the negligence of Defendants, Plaintiffs have:

 a. Suffered personal injuries resulting in permanent physical impairments and disfigurement;

 b. Incurred medical expenses;

 c. Endured great pain and suffering; and

 d. Lost wages,

All of said damages shall continue into the future.

WHEREFORE, Plaintiffs, MARIA DE LOURDES ALLEN, EDUARDO ALLEN, and EDUARDO ALLEN, JR., by counsel, pray for judgment against Defendant, WILLIAM ALLEN, in an amount adequate to compensate Plaintiffs for the losses which have been suffered, and which will be suffered, and for all other just and proper relief in the premises.

### COUNT II-Negligence of Defendant Elgin Motor Freight

13. Plaintiff incorporates by reference paragraphs 1-12 of this Complaint.

14. At all relevant times, Defendant ELGIN MOTOR FREIGHT exerted authority over Defendant ALLEN's operation of its semi tractor, the means and methods employed by Defendant ALLEN in his work, and provided him with the equipment, including, but not

limited to, the semi tractor and motor carrier license, necessary to accomplish his assigned tasks. As Defendant ALLEN's employer and/or principal, Defendant ELGIN MOTOR FREIGHT is vicariously liable for his negligence.

17. On or about May 19, 2018, Defendant ELGIN MOTOR FREIGHT was subject to the Federal Motor Carrier Safety Regulations and owed Plaintiffs a duty to use reasonable care in the inspection, maintenance, repair, entrustment, and operation of the semi tractor they were operating and in the hiring, training, retention and supervision of the drivers chosen to operate it.

18. On or about May 19, 2018, Defendant ELGIN MOTOR FREIGHT breached the foregoing duties and was negligent and/or reckless in one or more of the following ways:

   a. Failing to require Defendant ALLEN to comply with duties and prohibitions of driver regulations in violation of Part 390 of the FMCSRs;

   b. Encouraging Defendant ALLEN to violate the FMCSRs in violation of Part 390 of the FMCSRs;

   a. Failing to maintain records and documents as required under Part 390 of the FMCSRs;

   b. Improperly maintaining records and documents in violation of Part 390 of the FMCSRs;

   c. Permitting Defendant ALLEN to operate the vehicle, while his ability or alertness was so impaired as to make it unsafe for him to continue to operate the vehicle in violation of Part 392 of the FMCSRs;

   d. Requiring Defendant ALLEN to operate a tractor-trailer, which it knew was in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of Part 396 of the FMCSRs;

   e. Failing to adequately train Defendant ALLEN when reasonable training would have equipped him with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Part 391 of the FMCSRs;

   f. Allowing its tractor-trailer to be operated at an unreasonable speed given the extant conditions;

g.  Failing to require Defendant ALLEN to perform proper space management when operating its semi tractor;

h.  Allowing its tractor trailer to be operated by an employee in such a manner as to fail to maintain the vehicle under reasonable control;

i.  Operating without adequate safety management controls;

j.  Failing to use the same care and caution that a reasonably prudent person or motor carrier would have exercised under the same or substantially similar circumstances all in violation of Parts 390, 391, 392, 393, 395 and 396 of the FMCSRs;

k.  Failing to investigate the competence of the driver of its tractor-trailer who was at all relevant times careless, reckless and incompetent;

l.  Carelessly investigating the competence of the driver of its tractor-trailer who was at all relevant times careless, reckless and incompetent;

m.  Ignoring electronic performance data;

n.  Failing to utilize reasonably available electronic performance data;

o.  Failing to take its vehicle out of services; and/or

p.  Failing to do what a reasonably prudent trucking company would do under like or similar circumstances.

WHEREFORE, Plaintiffs, MARIA DE LOURDES ALLEN, EDUARDO ALLEN, and EDUARDO ALLEN, JR., by counsel, respectfully request judgment against Defendant, ELGIN MOTOR FREIGHT INC., in an amount which will fully and fairly compensate for the damages which have been sustained, for the costs of this action, and for all other relief appropriate in the premises.

## JURY DEMAND

Plaintiffs demand trial by jury, on all issues so triable.

Dated: March 26, 2019

Respectfully submitted,

KELLER & KELLER

/s/ Daniel J. Armstrong
Daniel J. Armstrong, (#29138-49)
Attorney for Plaintiffs